**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Anthony James Moore, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **RE DISMISSAL OF ACTION** |
| vs. | ) | **UNLESS AMENDED PLEADING IS** |
| | ) | **FILED SEEKING APPROPRIATE** |
| Thomas Dahl, in his individual and | ) | **RELIEF** |
| official capacities, | ) | |
| | ) | |
| Defendant, | ) | Case No. 1:06-cv-096 |

## I.   BACKGROUND

This is civil rights action being brought by plaintiff Anthony James Moore ("Moore"), who is a prisoner at the North Dakota State Penitentiary.

In this case, Moore filed a complaint in which he initially sought only to sue defendant Timothy Schuetzle, who is the warden at the North Dakota State Penitentiary, as well as the Fargo Police Department.  Since Moore requested permission to proceed *in forma pauperis*, the court was obligated to screen his complaint pursuant to the provisions of 28 U.S.C. § 1915A.  Before the court was able to screen Moore's initial complaint, he filed an amended complaint that added a new claim against a new defendant, Thomas Dahl, who is Special Agent for the North Dakota Bureau of Criminal Investigation.

Following the screening of Moore's amended complaint, the undersigned issue an order on November 11, 2006, identifying the following claims for relief set forth in the amended complaint:

1

| | |
|---|---|
| Claim One | Deprivation of adequate exercise by prison officials during extended confinement in administrative segregation resulting in cruel and unusual punishment. |
| Claim Two | Unlawful retaliation by prison officials on four allegedly causally-related occasions for his having engaged in protected conduct. |
| Claim Three | Use of excessive force by prison officials when taking him to and from his cell amounting to cruel and unusual punishment. |
| Claim Four | The refusal of the Fargo Police Department to provide copies of DNA tests related to his state-court conviction. |
| Claim Five | Unlawful retaliation by Special Agent Dahl of the North Dakota Bureau of Criminal Investigation consisting of his allegedly maliciously instituting criminal proceedings against Moore. |

But, because claims four and five against the Fargo Police Department and Special Agent Dahl, respectively, appeared to be unrelated to the claims against Schuetzle, the court ordered that Moore show cause why the claims should not be split into separate actions. Also, since the only relief that Moore pled in his amended complaint against Warden Schuetzle and Special Agent Dahl was that he be transferred from state to federal custody and it appearing that such relief could not be granted, particularly with respect to the claim against Special Agent Dahl, the undersigned ordered that Moore be given an opportunity to supplement his amended complaint by requesting additional relief and warned Moore that his claims may be subject to dismissal as being frivolous if he failed to do so.

Moore appealed the undersigned's screening order to Chief Judge Hovland, which appeal was denied. Following the denial of this appeal, Moore submitted his response to the order to show cause as to why his claims should not be severed into separate actions. After reviewing the response, the undersigned concluded that the claims were misjoined and ordered that the claims against the Fargo Police Department and Special Agent Dahl be severed from the claims against Warden Schuetzle and split into separate actions.

Also following the denial of his appeal, Moore filed a "Statement of Clarification" stating that he did not intend to change his request for relief and made clear that the only relief he was seeking was that he transferred from state to federal custody, except for the injunctive relief he is seeking from the Fargo Police Department regarding his claim for production of DNA evidence that is now the subject of separate action.

## II.  DISCUSSION

This matter is now back before the court for a continuation of its 28 U.S.C. § 1915A screening after having afforded Moore an opportunity to amend his pleading.

Initially, the undersigned believed that Moore's failure to request relief specific to defendant Dahl was an oversight when he moved to amend his initial complaint. In the court's screening of the amended complaint, the court pointed out the lack of any request for relief specific to Dahl and permitted Moore an opportunity to submit an amended pleading requesting such relief.

Moore responded, however, by filing a clarification stating that the relief he is seeking is a transfer from state to federal custody, which was the request for relief in the amended complaint prior to the court's severance of the claims against Dahl. In the court's prior screening order, the

court warned Moore that he faced dismissal of his claim against Dahl if the only relief he would be requesting was a transfer to federal custody.

Generally speaking, a court should not dismiss an action for failure to state a claim because the plaintiff has requested the wrong relief if it appears that other relief may be available.  See e.g., Doss v. South Central Bell Telephone Co., 834 F.2d 421, 425 (5th Cir.1987) (demand for an improper remedy not fatal if it appears plaintiff would be entitled to a different form of relief); Doe v. United States Dept. of Justice, 753 F.2d 1092, 1104 (D.C. Cir.1985) (complaint sufficient so long as it appears plaintiff is entitled to some relief even though not the relief requested).  But, when a prisoner is seeking to sue a governmental entity or official, or is otherwise seeking leave to proceed *in forma pauperis,* Congress has made clear with its enactment of the provisions of the Prisoners Litigation Reform Act that the courts should determine as early as possible whether a prisoner's claims are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant.

In this case, Moore's claim against defendant Dahl is for maliciously instituting a criminal action against Moore.  Given the nature of the case, there can be no basis for the court ordering a transfer of Moore to another jurisdiction for the service of the remainder of his sentence.  Cf. Walker v. Lockhart, 713 F.2d 1378 (8th Cir. 1983); Streeter v. Hopper, 618 F.2d 1178, 1182 (5th Cir. 1980); Fisher v. Goord, 981 F. Supp. 140 (S.D.N.Y. 1997).  Also, defendant Dahl is not a proper party in terms of the granting of such relief.  It is clear from Moore's pleadings that Defendant Dahl is a Special Agent for the North Dakota Bureau of Criminal Investigation and is not an employee of the North Dakota Department of Corrections.  Consequently, he has no control over Moore's

custodial arrangements and any order directed to him regarding a transfer of Moore would be meaningless.

If the only thing Moore hopes to accomplish in this severed action is to be transferred to another jurisdiction, then the action is most certainly frivolous and should be dismissed before everyone wastes a lot of time. On the other hand, given the fact that Moore may have believed that the court was not going to sever the actions based on his objection and a mistaken belief that he did not need to specify what relief he was seeking with respect to defendant Dahl, Moore should be given one last opportunity to indicate what relief he is seeking in this action or to voluntarily dismiss the action. And, if Moore fails to do either within ten days from the date of this Report and Recommendation, the action should be dismissed as frivolous and counted as a strike under 28 U.S.C. § 1915(g).

The court will not order service of current amended complaint as to defendant Dahl until Moore has had an opportunity to take appropriate action.

### III.     **RECOMMENDATION**

Based on the foregoing, it is hereby recommended that above action be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(2) with one strike counted pursuant to § 1915(g) if Moore has failed within ten days of the date of this Report and Recommendation to either submit a second amended complaint requesting appropriate relief against defendant Dahl or has voluntarily dismissed this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 14th day of December, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge